IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CLYDE S. KING and DIANE V. KING on behalf of themselves and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | Civil Action No. SA-09-CA-0937-NN |
| v. | § § § | |
| UNITED SA FEDERAL CREDIT UNION, | § § § | |
| Defendant. | § § | |

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES TO CLASS COUNSEL

On October 4, 2010, the Court considered the Application for an Award of Attorneys' Fees and Expenses to Class Counsel, which was included as part of the Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Approval of Cy Pres Distribution, Approval of Incentive Awards to Plaintiffs, and Award of Attorneys' Fees and Expenses to Class Counsel (hereinafter "the Application"). Docket entry # 28. After considering the Application, the detailed exhibits submitted therewith, and the statements of counsel at the hearing, the Court finds that the Application should be granted as provided herein. Pursuant to Fed. R. Civ. P. 23(h)(3), the Court makes the following finding of fact and conclusions of law:

1.      Under the Fair Credit Reporting Act ("FCRA"), Class Counsel is entitled to an award of costs of the action together with reasonable attorneys' fees as determined by the court for any "successful action" to enforce liability under the FCRA. 15 U.S.C. §§ 1681n(a)(3) & 1681o(b). In this case, Benjamin R. Bingham and H. Anthony Hervol ("Class Counsel") requested an award of attorneys' fees, costs and reimbursable expenses in the amount of

1

$240,000.00—the maximum amount provided for in the Settlement Agreement and the amount stated in the notice sent to all of the class members in this case.  The record reflects no objection by a class member to the settlement as a whole, or to the proposed attorneys' fees, costs and expenses in particular.

2. The Fifth Circuit requires district courts to use the "lodestar method" to determine the reasonableness of attorneys' fees in class action suits.  *In re High Sulfur Content Gasoline Products Liab. Litig.*, 517 F.3d 220, 228 (5th Cir. 2008).  The lodestar method is a two-step process used to determine the amount of reasonable attorneys' fees.  The court first calculates the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by an appropriate hourly rate in the community for such work.  *Shipes v. Trinity Indus.*, 987 F.2d 311, 319-20 (5th Cir. 1993).  *See also Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  Once the lodestar amount has been calculated, the Court examines the amount and may increase or decrease the lodestar fee using the *Johnson* factors.  *Shipes,* 987 F.2d at 319-20.  *See also Hensley,* 461 U.S. at 433 n.3.

3. In *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), the Fifth Circuit provided twelve factors for evaluating attorney's fees in a statutory fee award, or "fee-shifting" cases like this case.  The *Johnson* factors are intended to ensure "a reasonable fee." *Johnson,* 488 F.2d at 717-20.  A court's *Johnson* analysis "need not be meticulously detailed to survive appellate review."  *In re High Sulfer Content*, 517 F. 3d at 228.  Even though the *Johnson* factors must be addressed to ensure that the resulting fee is reasonable, not every factor need be necessarily considered.  *Batchelder v. Kerr-McGee Corp.*, 246 F. Supp. 2d 525, 531 (N.D.Miss. 2003).

4. The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by the attorney because he or she accepted the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F. 2d at 717-19.

5. ***Johnson* factor 1: the time and labor required**. The prosecution of this case by Class Counsel required a great deal of time, a great focus on the issues at hand, and a great flexibility to meet the deadlines involved in the case. Attorney Ben Bingham expended 299.55 hours in this litigation. Docket entry # 28, exh. A, ¶ 6, Bingham Decl. Attorney H. Anthony Hervol expended 310.4 hours in this litigation. Docket entry # 28, exh. B, ¶ 15, Hervol Decl. During the last year, Class Counsel have among other things:

(a) Investigated Plaintiffs' claims extensively, including multiple meetings or conferences to determine whether or not the alleged impermissible accesses of Plaintiffs' credit information gave rise to liability and whether or not such accesses where of an actionable variety;

(b) Investigated information provided by and interviewed several other individuals who Class Counsel believed to be in the class;

(c) Conducted extensive legal research and drafting of the Complaint filed herein;

(d) Conducted extensive legal research and writing in connection with the motion practice required by the case;

(e) Conducted extensive research on similar cases filed in the United States which concern the same issue as the case at hand;

(f) Drafted extensive written discovery and responded to extensive written discovery;

(g) Deposed Defendant's Rule 30(b)(6) witness and defended the deposition of both named

Plaintiffs, as well as thoroughly prepared both representative Plaintiffs to be deposed;

(h)  Reviewed complex documentation concerning Defendant's computerized account review system, and became familiar with how the system works and why it might allow class members' reports to continued to be accessed under the circumstances alleged in the Complaint;

(i)  Extensive legal research and writing in connection with Plaintiff's Motion to Certify this Case as a Class, beginning the work for the Reply to the Response, as well as drafting all of the extensive settlement documents;

(j)  Formulated and implemented litigation strategy;

(k)  Maintained extensive and regular communication with clients;

(l)  Engaged in extensive negotiations of the eventual settlement, including numerous informal telephonic conferences, an informal settlement conference and formal mediation which lasted more than 12 hours;

(m)  Attended to matters related to the administration of the settlement; and

(n)  Extensive research and drafting of the briefs in support of preliminary approval of the settlement and the brief in support of the final settlement presented herein.

6.  **Class Counsel's hourly rates are reasonable for this type of case**.  In determining the reasonableness of hourly rates, courts consider the experience, reputation and ability of the attorney and the skill required by the attorneys.  *Johnson,* 488 F.2d at 719 ("An attorney specializing in civil rights cases may enjoy a higher rate for his expertise than others, providing his ability corresponds with his experience.").

7.  In the present case, Class Counsel are both experienced and skilled practitioners in class action cases in general, and in FCRA cases in particular. *See* docket entry # 28, exhs. A & B.  Both attorneys have substantial experience handling FCRA cases, including FCRA class action cases, and experience with other complex litigation.  Each has prosecuted multiple class action cases, and several individual FCRA cases.  Together they presented an FCRA paper to the State Bar of Texas at its Advanced Consumer Bankruptcy Course in 2009 and the presentation was voted among the "Best of" all State Bar CLE presentations in 2009.

8. Mr. Bingham seeks an hourly rate of $400.00 per hour. A Bankruptcy Judge in this district recenlty approved this rate for Mr. Bingham's representation of a Chapter 7 Bankruptcy Trustee in bankruptcy related litigation. *See In re John and Christine Grabow*, Cause No. 09-52814 (W.D. Bankr.). Mr. Bingham has practiced law for 27 years and is rated A-V "Preeminent" by the Martindale-Hubbell peer review rating service. Docket entry # 28, exh. A, ¶ 1.

9. Mr. Hervol seeks an hourly rate of $350.00 per hour. Mr. Hervol brought unique skills to this case based upon his experience and training in fair credit reporting cases. Docket entry no. 28, exh. B, ¶ ¶ 9-10. Last year, in the same type of FCRA class action case as this one, Judge Hudspeth awarded Mr. Hervol's attorney fees based upon an hourly rate of $350.00 per hour in *Sleezer v. Chase Bank (USA), N.A.*, Cause No. 07-CA-0961 (W.D. Tex. 2009). *Id.* at ¶ 20.

10. Class Counsel's rates reflect the competitive market hourly rates for national cases involving complex and class action litigation, as well as the reputation, experience and success of the lawyers involved. *See Meyers v. State of Tex.,* No. A-00-CA-430-SS, 2010 U.S. Dist. LEXIS 47809, at *46 (W.D. Tex. Feb. 16, 2010) (finding reasonable in Austin, Texas, hourly rates of up to $450.00 for senior shareholder-level attorneys, and rates of $225.00 to $325.00 reasonable for less-senior lawyers); *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 325 (W.D. Tex. 2007) (finding reasonable in San Antonio hourly rates of between $500.00 and $550.00 for lead class counsel, and between $350.00 to $475.00 per hour for other counsel and associate attorneys); *Sleezer v. Chase Bank (USA),* Cause no. 07-CA-0961, docket entry #s 66, 67 & 73 (W.D. Tex. 2009) (approving fees based upon rates of $350.00 for Mr. Hervol to $480.00 for co-counsel with comparable class action experience to Mr. Bingham in an FCRA

class action case based upon same claim); *In re OCA Inc. Securities & Derivatives Litig.,* No. 05-2165, 2009 WL 512081 (E.D. La. Mar. 2, 2009), at *25 ($400.00 to $450.00 per hour for partner level attorneys); *In re Lease Oil Antitrust Litig.,* 186 F.R.D. 403, 448 (S.D. Tex. 1999) (approving up to $544.00 per hour).

11. **Class Counsel expended a reasonable number of hours litigating this case**. Over the past 21 months, Class Counsel spent a total of 609.95 hours on this case, for a total lodestar of $222,976.00. This time was calculated using contemporaneous, daily time records, which Class Counsel regularly prepared and maintained in the ordinary course of business, and which are attached to the Declarations of Class Counsel submitted with the Application. The reasonableness of hours depends, among other things, upon the novelty and difficulty of the issues and the level of opposition during the litigation. *Shipes*, 987 F2d at 321. In this case, Class Counsel were opposed by excellent attorneys from Jackson & Walker, L.L.P. The attorneys assigned as defense counsel are experienced partners with reputations for exceptional defense work. Nevertheless, Class Counsel successfully prosecuted this case and obtained a settlement for the Class which exceeds other settlements for cases of the kind. Class Counsel pursued the case in an area of the law which is seldom litigated because of its complexity, and showed demonstrable skill and quality of representation by engaging in a concerted effort to obtain the maximum recovery for the Class in light of other settlements. The quality of Class Counsel's work on this case was excellent and is ultimately reflected in the result, when compared to settlements of like cases, which settlement was obtained against an extremely worthy adversary. The total amount of hours expended in successfully and diligently prosecuting this action is fair and reasonable for the services provided.

12. **Consideration of other relevant factors justifies an upward fee**. The second step

in establishing attorneys' fees is to consider whether the lodestar should be adjusted due to the circumstances of the case. *Shipe*s, 987 F.2d at 320; *Meyers,* No. A-00-CA-430-SS, 2010 U.S. Dist. LEXIS 47809, at *47-48. Class Counsel seeks a slight upward adjustment in this case. The unenhanced lodestar does not reflect the exceptional results achieved by Class Counsel in this case, the undesirability of this litigation, the high risk borne by its contingent nature, or the fact that the fee award requested is comparable to that awarded in similar complicated class action litigations.

13. While Class Counsel alleged that the plain lodestar amount requires an upward adjustment, approval of the agreed-upon maximum fee will not result in an excessive multiplier, and Class Counsel alleged that a multiplier is necessary for establishing a reasonable fee in this case. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (fee applicant who seeks more the lodestar amount bears the burden of showing that an adjustment is needed for the calculating a reasonable fee). Courts have set forth numerous factors for consideration of an upward adjustment. *Hensley*, 461 U.S. at 434 n.9 (approving the use of the *Johnson* factors); *Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999) ("[After calculating the lodestar,] [t]he court was next obligated to consider whether the lodestar amount should be adjusted upward or downward, depending on the circumstances of the case and after addressing the *Johnson* factors"). Consideration of the factors discussed below support the reasonableness of the agreed-upon maximum attorneys' fees and expenses of $240,000.00.

14. ***Johnson* factor 2: the novelty and difficulty of the issues.** This case involved litigation of claims under the Fair Credit Reporting Act. Credit reporting cases generally involve specialized knowledge of computer information systems, and data processing methods. Further, extensive knowledge of how the credit reporting system functions and operates, as well as an

understanding and recognition of how and why certain data that appears on a credit report, was necessary to properly conduct the litigation in this case.

15. ***Johnson* factor 3: the skill required to perform the legal service adequately**. This factor is evidenced where "counsel performed diligently and skillfully, achieving a speedy and fair settlement, distinguished by the use of informal discovery and cooperative investigation to provide the information necessary to analyze the case and reach a resolution." *Di Giacomo v. Plains All Am. Pipeline*, No. H-99-422001, U.S. Dist. LEXIS 25532, at *36 (S.D. Tex. Dec. 18, 2001). Here, Class Counsel have extensive litigation experience, and were required to prepare extensively for the depositions taken in this case. Defendants were represented by outstanding counsel from a highly reputable law firm, who vigorously challenged and defended Plaintiffs' claims. Plaintiffs additionally faced the risk that the matter could be appealed. By creating the interest in attempting to resolve the case through settlement discussions, Class Counsel created an opportunity to afford relief to a large number of individuals who would not otherwise have brought the claims involved herein, but were nevertheless equally aggrieved as the named Plaintiffs. The agreed-upon amount reflects the degree of experience, competence and effort necessary to achieve the proposed settlement.

16. ***Johnson* factor 4: preclusion of other employment by the attorney because he accepted this case**. Counsel Ben Bingham has a small firm with three attorneys. Counsel H. Anthony Hervol is a sole practitioner. Both attorneys invested substantial time to this case. The number of hours required to properly and diligently represent the interests of the class, as well as the amount of time required for specific tasks and a short time-table to present the certification motion (see Local Rule CV-23: class certification motions due within 30 days of Defendant's first appearance) precluded other employment by Class Counsel. *See* docket entry # 28, exhs. A

& B, Bingham and Hervol Declarations.

17.     ***Johnson* factor 5: the customary fee for similar work in the community**.  This factor is discussed in connection with *Johnson* factors 1 and 12.

18.     ***Johnson* factor 6: whether the fee is fixed or contingent**.  Consideration of this factor is designed to "demonstrat[e] the attorney's fee expectations when he accepted the case." *Johnson*, 488 F.2d at 718.  In this case, Class Counsel prosecuted the case on a contingency basis and advanced all costs and expenses incurred in connection with the case.  A risk of no recovery and significant uncertainty existed.  These risks are properly considered in awarding attorneys' fees.  Determining a fair fee also considers the contingent nature of the fee and the difficulties in obtaining the settlement.  The legal professsion accepts contingent fees that exceed the market value of the services if rendered on a non-contingent basis as a legitimate way of assuring competent representation for plaintiffs who cannot afford to pay on an hourly basis regardless of whether they win or lose. *In re Washington Public Power Supply System Secs. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994).

19.     Courts have consistently recognized that the risk of receiving little or no recovery is a major factor in considering an award of attorneys' fees.  For example, in awarding attorneys' fees in a contingent fee case, a district court noted the risks that plaintiffs' counsel had taken:

> Although today it might appear that risk was not great based on Prudential Securities' global settlement with the Securities and Exchange Commission, such was not the case when the action was commenced and throughout most of the litigation.  Counsel's contingent fee risk is an important factor in determining the fee award.  Success is never guaranteed and counsel faced serious risks since both trial and judicial review are unpredictable.  Counsel advanced all of the costs of litigation, a not insubstantial amount, and bore the additional risk of unsuccessful prosecution.

*In re Prudential-Bache Energy Income P'ships Sec. Litig.*, No. 888, 1994 WL 202394, at *6 (E.D. La. May 18, 1994).  *See also, e.g., Behrens v. Wometco Enterprises*, 118 F.R.D. 534, 548

(S.D. Fla. 1998) ("If this 'bonus' methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing.").

20. Class Counsel faced the same risks. From the outset, Class Counsel understood that it was embarking on complex, potentially expensive and lengthy litigation. Recovery was not assured. Instead, Class Counsel agreed to representation on a contingent basis. They asked no client or Class member to pay fees or advance costs. Class Counsel have received no compensation for their efforts in this case. Absent the settlement, there was a no guarantee that the Settlement Class members would obtain relief from Defendant or compensation for their work on behalf of Plaintiffs and the Class. Class Counsel also risked non-payment of out-of-pocket expenses. Class Counsel bore these risks and were prepared to litigate this case to trial and on further appeal, if necessary. Despite these risks and the Defendant's numerous defenses, Class Counsel accepted this case and continued to diligently move forward in an effort to change a practice that affects many people who have closed accounts with the Defendant. Class Counsel undertook a substantial commitment of time and money to prosecute this class action. The Class itself risked nothing out-of-pocket. The risks involved support an award of the agreed-upon fees and expenses of $240,000.00.

21. *Johnson factor* **7: time limitations imposed by the client or the circumstances**. The parties in this case operated under a relatively short time-frame for a scheduling order, particularly when considering the case was brought as a class-action. Class Counsel were required to pursue the case in a manner requiring numerous late hours at the office attending to other cases needing attention, as well as devoting significant time on the weekends to ensure the case was properly handled.

22. ***Johnson* factor 8: the amount involved and the results obtained**. "'[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (citation omitted). Here, Class Counsel obtained, after extensive negotiations, a settlement on behalf of the class members that, for all class members filing claims, resulted in the equivalent of winning their case without any cost to them. Thus, Class Counsel obtained for the Class a very good result. Courts have consistently recognized that the result achieved is a major factor to be considered in making a fee award. *Hensley,* 461 U.S. at 436. Given the nature of the litigation, the complicated issues involved, the risks faced, the quality of the work performed, and the rigorous defenses confronted, an award approximately equivalent to the lodestar of Class Counsel unquestionably represents an appropriate level of compensation for the success Class Counsel achieved. The settlement obtains a substantial recovery for the Class, represents a tangible benefit for all those Class members who could not otherwise retain counsel to ensure their rights were protected, falls well within the range for similar cases and provides for a recovery in an environment of serious, practical risks and/or impediments to the ultimate success of the claims. Thus, the requested fee is reasonable in relation to the benefit achieved.

23. Some courts have raised a concern in consumer protection cases as to whether the requested fee is reasonable in light of the amount of the sums earmarked for class members. However, the fact that the $100.00 to be distributed to each individual Class member may not be a great sum in relation to counsel's fee request does not make that request unreasonable. Since Plaintiffs prevailed on the only claims raised in the Complaint, the fee award cannot be diminished to maintain some ratio between the fee and the damages. *See Washington v. Philadelphia County Court of Common Pleas,* 89 F.3d 1031, 1041 (3d. Cir. 1996) ("[A] court

may not diminish counsel fees in a section 1983 action to maintain some ratio between the fees and the damages awarded."); *Sheffer v. Experian Info. Solutions,* 290 F. Supp. 2d 538, 550-51 (E.D. Pa. 2003) ("proportionality analysis between the amount of damages awarded and the amount of counsel fees requested . . . is an impermissible basis upon which to reduce a fee award"); *Oslan v. Law Offices of Mitchell N. Kay,* 232 F. Supp. 2d 436, 444 (E.D. Pa. 2002) ("Although the award of attorneys' fees exceeds the award to the Class, there is no rule of strict proportionality that counsels the court to decrease attorneys' fees in order to match successful judgments or settlement awards."). This is especially true where, as in the case, plaintiffs have achieved a future benefit for the Class in the form of an injunction in addition to monetary compensation.

24. Under fee-shifting statutes such as the FCRA, the amount of attorney fees awarded is not required to be proportionate to the amount of damages recovered. This is to encourage private counsel to enforce important consumer rights legislation. Noting that Congress contemplated that civil plaintiffs would act as private attorneys general, the Third Circuit has stated:

> Congress provided fee shifting to enhance enforcement of important civil rights, consumer protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.

*Student Pub. Interest Research Grp. of New Jersey v. AT&T Bell Laboratories,* 842 F.2d 1436, 1449 (3d Cir. 1988). The Fifth Circuit recognized a basic reality of consumer litigation in *McGowan v. King, Inc.,* 661 F.2d 48, 51 (5th Cir. 1981), stating the following:

> The borrower's counsel did not inflate this small [Truth-In-Lending] case into a large one; its protraction resulted from the stalwart defense. And although Defendants are not required to yield an inch or to pay a dime not due, they may by militant resistance increase the exertions required of their opponents and thus, if unsuccessful, be required to bear that cost.

*See also Perry v. FleetBoston Fin. Corp.,* 229 F.R.D. 105, 123 (E.D. Pa. 2005) (noting importance of awarding fees in consumer protection class litigation that "addresses important consumer concerns that would likely be ignored without such class action lawsuits [and] must be encouraged"). The same principles apply in the context of a settled case. While the fees sought by Plaintiff's counsel might be considered by some to be relatively large in relation to the amount of the each individual awards available to members of the Class, in actuality the fees are reasonable under the circumstances, particularly when considering the awards in similar cases.

25. ***Johnson* factor 9: the experience: reputation, and ability of the attorneys.** This factor was addressed to some extent under *Johnson* factor 1 above. Throughout this case, Class Counsel have had the opportunity to demonstrate to this Court their experience, reputation and ability to prosecute this case. Additionally, the prompt and efficient resolution of this case confirms that Class Counsel managed the litigation with skill and in the interests of the Class. *See Di Giacomo*, No. H-99-422001, 2001 U.S. Dist. LEXIS 25532, at *36 (observing counsel's due diligence and skill in "achieving a speedy and fair settlement"). The attorneys involved in this case have reputations in Texas for handling complicated (and sometime obscure) consumer claims. *See* docket entry # 28, exhs. A & B.

26. ***Johnson* factor 10: the undesirability of the case**. Class action cases often carry elevated risks, a requirement of lengthy investigation through informal discovery, and a possibility of no recovery, all of which speak to the undesirability of such a case. *Di Giacomo,* No. H-99-422001, 2001 U.S. Dist. LEXIS 25532, at *35*.* Class counsel undertook this case on a contingency fee basis and expended a great deal of time and effort to successfully prosecute the case. Cases such as this one are generally considered highly undesirable.

27. ***Johnson* factor 11: the nature and length of the professional relationship with**

**the client.**  H. Anthony Hervol has represented named Plaintiffs Clyde and Diane King in connection with other matters before.  After learning of the issues concerning access to the Plaintiffs' credit reports, Mr. Hervol approached Mr. Bingham with the possibility of pursuing this case as a class action.  Mr. Hervol, as the primary contact for the class representatives, has spent several hours with the representatives, ensuring that they were adequately prepared to represent the class in this case.  Thus, Class Counsel have dedicated their efforts to protect the best interests of the named Plaintiffs and the Class.  *See Millsap v. McDonnell Douglas Corp.*, No. 94-CV-633-H(M), 2003 U.S. Dist. LEXIS 26223, at * 39 (N.D. Okla. May 28, 2003) (observing that counsel's substantial involvement in the litigation satisfies this factor).

  28. ***Johnson* factor 12: awards in similar cases**.  Based upon the information provided by Class Counsel concerning settlement in similar cases, there have been five other FCRA class-action cases where the claim asserted was the same as the claim made in this case, and the attorney fees awarded in those cases were as follows:

- A. *Keener v. Sears*, Cause no. 03-CV-01265 (C.D. Cal., Feb. 27, 2006), Order awarding fees of $339,152.81;
- B. *Nienaber v. Citibank*, No. 04-4054, 2007 U.S. Dist. LEXIS 49120, at * 14 (D.S.D. July 5, 2007) (awarding fees and expenses of $538,452.60—$338,452.60 to attorneys representing first plaintiff and $200,000 to attorneys representing second plaintiff);
- C. *Perry v. Fleet Boston*, 229 F.R.D. 105, 126 (E.D. Pa. 2005) (awarding fees and expenses of $305,800.52);
- D. *Barel v. Bank of America, N.A.*, 255 F.R.D. 393, 406 (E.D. Pa. 2009) (awarding $390,000.00 in fees and costs); and

E.  *Sleezer v. Chase Bank,* Cause no. SA-07-CA-0961-H, (W.D. Tex. Aug. 6, 2006), Order awarding $500,000 in fees and expenses.

The $240,000.00 in fees and expenses requested in this case would be the smallest fee award in any of these types of FCRA class action cases, notwithstanding the fact that the relief obtained in this case for class members is superior to that obtained in any of the other cases.

29.  Class Counsel's lodestar calculation for two law firms is $222,976.00, which is less than any of the other similar cases cited above.  Additionally, Class Counsel requested reimbursement of expenses in the amount of $5,467.20.  *See* docket entry # 28, exh. A, ¶ 7, Bingham Decl & exh. B., ¶ 7, Hervol Decl.  Expenses of the sort that lawyers ordinarily include in their bills to clients, are recoverable as part of the reasonable attorneys' fee ordinarily awarded to prevailing plaintiffs.  *See Chem. Manufacturers Ass'n v. EPA*, 885 F.2d 1276, 1279 (5th Cir. 1989).  The sum of these amounts is $228,443.20.  The Court finds that based upon the application of the foregoing *Johnson* factors in this case, Class Counsel should be awarded the total fees and expenses sought in the amount of $240,000.00.

**ORDER**

It is therefore ORDERED, ADJUDGED and DECREED that the motion for an Award of Attorneys' Fees and Expenses to Class Counsel is GRANTED (docket entry # 28) and that Class Counsel Benjamin R. Bingham and H. Anthony Hervol are awarded the sum of $240,000.00 as and for reasonable attorney's fees and expenses incurred in this case, which sum shall be paid from the settlement fund established as part of the settlement in this case within ten days from the Final Judgment Day, (defined in paragraph 1.8 of the parties' Settlement Agreement as the

date after the expiration of any available appeals period following the entry of this Order and Final Judgment, i.e. 30 days after entry of this Order and Final Judgment).

DATED: October 8, 2010

*Nancy Stein Nowak*

THE HONORABLE NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

APPROVED AS TO FORM:

BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819  Telephone
(210) 224-0141  Facsimile


By:  */s/ Benjamin R. Bingham*
        BENJAMIN R. BINGHAM
        State Bar No. 02322350


LAW OFFICE OF H. ANTHONY HERVOL
4414 Centerview Drive, Suite 200
San Antonio, TX 78228
Telephone: (210) 522-9500
Facsimile: (210) 522-0205
Email: hervol@sbcglobal.net


By:  */s/ H. Anthony Hervol*
        H. Anthony Hervol
        State Bar No. 00784264

    **Class Counsel**

APPROVED AS TO FORM:

JACKSON WALKER, L.L.P.
112 E. Pecan, Suite 2400
San Antonio, Texas 78205
Telephone : (210) 978-7700
Facsimile: (210) 978-7790


By: */s/ Melodee L. Gruber*

16

Richard G. Garza
Texas State Bar No. 07737200
rgarza@jw.com
Melodee L. Gruber
Texas State Bar No. 24004680
mgruber@jw.com

**Attorneys for Defendant**