IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CLYDE S. KING and DIANE V. KING on behalf of themselves and all others similarly situated, | § § § § | |
| Plaintiffs | § § | Civil Action No. SA-09-CA-0937-NN |
| v. | § § § | |
| UNITED SA FEDERAL CREDIT UNION, | § § § | |
| Defendant | § § | |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING CY PRES DISTRIBUTION, APPROVING INCENTIVE AWARDS TO PLAINTIFFS, AWARDING ATTORNEYS' FEES AND EXPENSES TO CLASS COUNSEL, AND ENTERING FINAL JUDGMENT OF DISMISSAL**

This matter, having come before the Court on October 4, 2010 on Plaintiff's Unopposed Motion for: (1) Final Approval of Class Action Settlement, (2) Approval of Cy Pres Distribution, (3) Approval of Incentive Awards to Plaintiffs, and (4) Award of Attorneys' Fees and Expenses to Class Counsel; the Court having considered all papers filed and arguments made with respect to the settlement, and having provisionally certified, by Order entered July 6, 2010, a settlement class, and the Court, being fully advised in the premises, finds that:

1.  This action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Class as defined in the Settlement Agreement (the "Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claims of the Class Representatives are typical of the claims of the Class, and the Class Representative will fairly and adequately protect the interests of the Class. Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2. Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure was provided in accordance with the Court's Preliminary Approval Order, entered July 6, 2010, and such Notice by mail was given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

3. The Defendant timely filed notification of this settlement with the appropriate federal official pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court reviewed such notification and accompanying materials, and finds that the Defendant's notification complies with the applicable requirements of CAFA.

4. The Settlement Agreement resulted from arms' length negotiations conducted in good faith by counsel for the parties, and is supported by the Class Representatives.

5. The settlement as set forth in the Settlement Agreement is fair, reasonable and adequate to the members of the Class in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.

6. The relief provided under the settlement constitutes fair value given in exchange for the Released Claims against the Released Parties, as those terms are defined below.

7. The persons listed on Exhibit "A" validly excluded themselves from the Class in accordance with the provisions of the Preliminary Approval Order.

8. The parties and Class members have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

9. It is in the best interests of the parties and the Class members and consistent with principles of judicial economy that any dispute between any Class member (including any dispute as to whether any person is a Class member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or this Order and Final Judgment of Dismissal should be presented exclusively to this Court for resolution by this Court.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

A.    This action is finally certified as a class action against United SA Federal Credit Union (United SA) on behalf of a Class defined as follows:

> All persons whose Trans Union consumer report was accessed by United SA within the two year period preceding the filing of this complaint, upon United SA's representation to Trans Union that the access was for the purpose of conducting an "account review," when in fact the Class member had no open account but only one or more closed account(s) with a zero balance at the time United SA accessed the consumer report.

B.    The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Class and the parties are directed to consummate the Agreement in accordance with its terms.

C.    This action is hereby dismissed on the merits, with prejudice and without costs.

D.    For purposes of this Final Judgment and Order of Dismissal:

(i).    "Released Claims" shall mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, penalties, fines, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal, state, or local statute, regulation, rule, or ordinance, common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), and also including all "Unknown Claims" (as defined below) which Plaintiffs or a Class member has arising out of, based upon, or in any way relating to the claim that the Credit Union accessed the Trans Union credit files of former customers who no longer had open accounts at the Credit Union.

(ii).    "Unknown Claims" shall mean any and all claims that Plaintiffs or any Class member does not know or even suspect to exist against any of the Released Parties,

which, if known, might have affected his or her decision regarding the settlement of this Lawsuit.

   (iii). "Released Parties" shall mean the United SA Federal Credit Union and each of its past, present, and future directors, members, officers, agents, representatives, employees, underwriters, insurers, co-insurers, re-insurers, and attorneys.

 E. The Released Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Final Judgment and Order of Dismissal.

 F. Class members and their heirs, executors, administrators, successors and assigns are hereby permanently barred and enjoined from instituting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, any Released Claim against any of the Released Parties in any forum.

 G. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement.  In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over United SA Federal Credit Union and each member of the class for any suit, action, proceeding or dispute arising out of or relating to this Order, the settlement agreement or the applicability of the settlement agreement.  Without limiting the generality of the foregoing, any dispute concerning the settlement agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a class member in which the provisions of the settlement agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order.  Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Class members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

H.  No later than 30 days after Final Judgment Day (defined in paragraph 1.8 of the parties' Settlement Agreement as the date after the expiration of any available appeals period following the entry of this Order and Final Judgment, i.e. 30 days after entry of this Order and Final Judgment), the United SA shall cause to be mailed to the last known address of each Class member who timely filed a claim form a check made payable to the Class member in the amount of $100 in good funds.  For those Class members who also requested a current credit score, the credit score shall be mailed to the Class member at the same time the check is mailed, or if the Class member did not request the $100 settlement amount, the credit score shall be mailed to the Class member with 30 days from Final Judgment Day.

I.  Pursuant to the terms of the Settlement Agreement, the United SA shall be entitled to recover from the $500,000.00 settlement fund $5,108.31 as reimbursement for the actual cost of sending notice to the class members.

J.  Upon consideration of the application for class representative incentive awards to the named Plaintiffs, Clyde S. King and Diane V. King, they are awarded the Court-approved requested award of $15,000.00, each to be paid from the settlement fund in consideration of the valuable service they performed for and on behalf of the Class.  These sums shall be paid to Clyde S. King and Diane V. King from the settlement fund within ten (10) days from the Final Judgment Day.

K.  Upon consideration of the request for *cy pres* distribution, the Court approves the distribution to Texas Rio Grande Legal Aid ("TRLA") of all of the funds remaining in the settlement fund after deducting the amounts provided in Paragraphs H, I, and J, above and the sum awarded as attorneys fees and expenses by Order entered this date.  It is **ORDERED** that such cy pres distribution shall be paid from the settlement fund directly to TRLA within ten days from the Final Judgment Day.

L.  Pursuant to Section 2.15(E) of the Settlement Agreement and this Court's inherent power to issue injunctive relief, United SA Federal Credit Union, its officers, directors and employees are permanently enjoined from conducting account reviews on closed accounts

with no balance owing and ordered to immediately (if not already done) implement procedures to prevent closed accounts with no balance owing from being sent to credit reporting agencies for the purpose of account reviews, and further to implement (if not already done) procedures to monitor the "no closed accounts" policy and permanently adhere to such procedures.

IT IS SO ORDERED.


DATED: October 8, 2010

*Nancy Stein Nowak*

THE HONORABLE NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE


APPROVED AS TO FORM AND SUBSTANCE:

BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819  Telephone
(210) 224-0141  Facsimile


*/S/ Benjamin R. Bingham*
BENJAMIN R. BINGHAM
State Bar No. 02322350


LAW OFFICE OF H. ANTHONY HERVOL
4414 Centerview Drive, Suite 200
San Antonio, TX 78228
Telephone: (210) 522-9500
Facsimile: (210) 522-0205
Email: hervol@sbcglobal.net


         */S/ H. Anthony Hervol*
 H. Anthony Hervol
 State Bar No. 00784264

 **Class Counsel**
JACKSON WALKER, L.L.P.
112 E. Pecan, Suite 2400
San Antonio, Texas 78205

Telephone : (210) 978-7700
Facsimile: (210) 978-7790


*/S/ Melodee L. Gruber*
Richard G. Garza
Texas State Bar No. 07737200
rgarza@jw.com
Melodee L. Gruber
Texas State Bar No. 24004680
mgruber@jw.com

**Attorneys for Defendant**

7

# EXHIBIT "A"

*King, et. al. v. United SA Federal Credit Union*
Exclusions Received and Postmarked by September 13, 2010, Deadline

| No. | Name | State of Residence |
|---|---|---|
| 1. | JOHNNA BEENE | TX |
| 2. | RICHARD EGNOR | WV |
| 3. | RENE GONZALEZ | TX |
| 4. | CHERIE MANKINS | CA |
| 5. | DEBRA MCEWEN | TX |
| 6. | ROSALINDA CONTRERAS | TX |
| 7. | EDUARDO GONZALEZ | TX |
| 8. | BILLY YARBROUGH | OK |
| 9. | BARBARA WARD | TX |
| 10. | YOLANDA SINGLETARY | TX |
| 11. | JESSE GULER | TX |
| 12. | JUDY GEE | TX |
| 13. | SUZANE E. GREGORY | TX |
| 14. | JOHNNY RAMOS | TX |
| 15. | WALTER M. BRICENO | MO |
| 16. | CHRISTUS SANTA ROSA | TX |
| 17. | MARY ANN HUDDLESTON | TX |
| 18. | ROCHELLE CARDONA | TX |
| 19. | KENNETH CASEY | TX |
| 20. | MARIA MORENO | TX |
| 21. | ELENA YUAQUEZ | HI |